UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILO LEWIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BUREAU OF REAL ESTATE, et al.,<br><br>　　　　　　Defendants. | No.  2:14-cv-2506-GEB-EFB PS<br><br><br>ORDER |

  This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

  Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

*Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

   Plaintiff complaint purports to allege claims pursuant to 42 U.S.C. § 1983 against the California Bureau of Real Estate ("BRE"), Annette Ferrante, and Richard Uno.  ECF No. 1.  Plaintiff alleges that Ferrant and Uno are investigators and attorneys for the BRE.  The basis for plaintiff's claims is difficult to decipher, but the case appears to concern the revocation of a license issued by the BRE.  Plaintiff alleges that while he had a case pending before an Administrative Law Judge ("ALJ"), defendant Uno sent an email to the Office of Administrative Hearings that contained statements defaming plaintiff's character.  *Id*. at 9.  Plaintiff further contends that Ferrante destroyed evidence supporting plaintiff's innocence and good character.  *Id*.  Ferrante also allegedly opposed plaintiff's request for counsel and misled the ALJ "about facts regarding [plaintiff's] Notice of Defense on Accusation."  *Id*.  Plaintiff further contends that Ferrante concealed the fact that plaintiff's character would be the basis for disciplinary action until the day of plaintiff's hearing.  *Id*. at 6, 9.

   Plaintiff, who is African-American, explains that this action is "brought against defendants for intentional and systematic *abuse of process*, where the defendants discriminate against licensees who are not protected by counsel, and where defendants institute and participate in a scheme which discriminates on the basis of race."  *Id*. at 2 (emphasis in original).  Plaintiff contends that this abuse of process violates his right to due process under the Fifth and Fourteenth Amendments.  *Id*. at 3.

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

1  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
2  (9th Cir. 1978).

3        Plaintiff alleges that defendants Ferrante and Uno are employees of the BRE, and
4  therefore are state actors.  However, it is unclear how each of these individuals violated plaintiff's
5  right to due process.  "The fundamental requirement of [procedural] due process is the
6  opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v.*
7  *Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).
8  "Procedural due process rules are meant to protect persons not from the deprivation, but from the
9  mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247,
10 259 (1978).  "[D]ue process is flexible and calls for such procedural protections as the particular
11 situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

12       As far as the court can discern, plaintiff appears to allege that he was deprived of his
13 property interest in a license issued by the BRE.  Presumably, he intends to assert a claim that he
14 was deprived of a property right without due process in violation of his Fourteenth Amendment
15 rights.   However, the facts surrounding the alleged deprivation cannot be gleaned from the
16 complaint.  Indeed, it is not entirely clear from complaint whether plaintiff's license was actually
17 revoked or suspended.  Instead, plaintiff simply provides vague and conclusory allegations
18 regarding the use of defamatory statements in relation to a hearing before an ALJ.  These
19 allegations are insufficient to establish the deprivation of a property right without due process.

20       Furthermore, plaintiff cannot maintain his due process claim brought under the Fifth
21 Amendment.  The Fifth Amendment's Due Process Clause applies only to the federal government
22 or federal actions.  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due
23 Process Clause of the Fifth Amendment and the equal protection component thereof apply only to
24 actions of the federal government—not to those of state or local governments."); *Dusenbery v.*
25 *United States*, 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) ("The Due Process
26 Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the
27 Fourteenth Amendment prohibits the States, from depriving any person of property without 'due
28 /////

process of law.' "). As plaintiff does not allege action on behalf of the federal government, he fails to state a claim for violation of his right to due process under the Fifth Amendment.

Moreover, state agencies, such as the California Bureau of Real Estate, are immune from suit under the Eleventh Amendment. *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]") (citations and quotation marks omitted). Thus, it appears that any claims brought against the California Bureau of Real Estate must be dismissed.

Accordingly, the court finds that plaintiff's allegations are too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim, which plaintiff failed to do. *Id*. Accordingly, plaintiff's complaint must be dismissed. Plaintiff, however, will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

5

legally required to do that causes the alleged deprivation).  It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in form pauperis (ECF No. 2) is granted.

2. Plaintiff's compliant is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  December 8, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE